**Jenny Marlene VELASCO AVILES, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–70880.

Agency No. A75–252–325.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 12, 2005.

Suzanne B. Friedman, Attorney at Law, San Francisco, CA, for Petitioner.

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Virginia Lum, Anthony W. Norwood, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

MEMORANDUM***

Jenny Marlene Velasco Aviles, a native and citizen of Bolivia, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Aviles contends that the IJ erred by finding that she did not establish past persecution or a well-founded fear of future persecution. We disagree. Substantial evidence supports the IJ's conclusion that Aviles failed to establish past persecution or a well-founded fear of future persecution. *See Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998) (recognizing that "[m]ere generalized lawlessness and violence"

without a particularized risk to the petitioner is generally insufficient to support a claim of asylum).

Because Aviles has not established eligibility for asylum, it follows that she has not satisfied the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

To the extent that Aviles raises the issue, we decline to consider her CAT claim because she failed to exhaust the issue with the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

